UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| NATHAN MARQUIS LEBARON, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 17-11314-LTS |
| SEAN MEDEIROS, | ) | |
| Respondent. | ) | |

ORDER

November 20, 2017

SOROKIN, J.

Nathan Marquis LeBaron filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 17, 2017, asserting nearly two dozen challenges to his 2007 convictions and sentences on statutory rape and related charges. Doc. No. 1. In connection with the petition, he sought appointment of counsel, Doc. No. 2, and "emergency mandamus," Doc. No. 18. In September, mail sent to LeBaron was returned to the Court by the prison in which he was incarcerated when he filed his petition, bearing a notation that LeBaron had been released from custody.[1] Doc. No. 27. LeBaron thereafter notified the Court of his new address. Doc. No. 28.

On October 25, 2017, the respondent moved to dismiss the petition, arguing that LeBaron has not exhausted more than half of his claims in state court, as he must before pressing them

---

[1] LeBaron's release would not strip this Court of jurisdiction to entertain his habeas petition, nor would it moot his claims. He was in custody when he filed the petition and remains on probation. Doc. No. 1 at 1; see Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (construing § 2254(a) as requiring that a "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"); Jones v. Cunningham, 371 U.S. 236, 241-43 (1963) (finding conditions and restraints of post-release supervisory component of criminal sentence sufficient to prevent habeas petition filed before release from custody from becoming moot).

here. Doc. Nos. 33, 34. The respondent urges the Court to dismiss the petition, rather than stay it, based on LeBaron's history of filing multiple habeas petitions without first exhausting his claims, providing him with "experience with the exhaustion doctrine and its consequences" that many pro se litigants lack. Doc. No. 34 at 1. The respondent served the motion to dismiss and supporting memorandum via first-class mail sent to the address provided by LeBaron in his September change-of-address notice. Doc. No. 33 at 2; Doc. No. 34 at 20.

Under the Local Rules, LeBaron had fourteen days to oppose the motion to dismiss, LR 7.1(b)(2), making his opposition due on November 8, 2017. See Fed. Deposit Ins. Corp. v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994) (noting pro se litigants must comply with applicable federal and local rules). To date, LeBaron has made no filing opposing the motion or requesting an extension of time to oppose the motion.

**The Court now ORDERS LeBaron to respond to the motion to dismiss by December 4, 2017**. Should LeBaron fail to respond to the motion by that date, he faces dismissal of his petition due to failure to prosecute and failure to obey this Order. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir. 2002).

                                        SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        United States District Judge